# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRELL PANNELL,**

    Petitioner,

  v.                                              Case No. 19-CV-468

**CHRISTINE SUTER,**

    Respondent.

## RECOMMENDATION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS ON RULE 4 REVIEW

In 2009, Terrell Pannell pled guilty in Wisconsin state court to unlawful possession of a firearm. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 1 at 1. He was sentenced to one year of initial confinement and two years of extended supervision. Mr. Pannell was released from prison in June 2010. *See* Exhibit to Pet., ECF No. 1-1 at 5. Just over a year later, he was picked up for allegedly violating the terms of his extended supervision. His extended supervision was revoked, and he received a new criminal charge. *See* Pet. Ex., at 11.

In 2012, Mr. Pannell was sentenced to three more years in prison and four more years of extended supervision, which was to be served consecutively to any other sentence. He was released from prison on the 2012 case in November 2015. *See* Pet. Ex., at 6. Just a few weeks later, however, Mr. Pannell violated the terms

of his extended supervision again. He caught another charge, was revoked on both the 2009 case and the 2012 case, and was sent back to prison.

In 2018, Mr. Pannell was sentenced to six more years of imprisonment. *See* Pet. Ex., at 6, 20. By that time, however, his 2009 case had expired. *See* Pet. Ex., at 6. Mr. Pannell is currently serving his other sentences at the Gordon Correctional Center in Gordon, Wisconsin.

On April 1, 2019, Mr. Pannell filed a federal habeas petition alleging that he is in custody in violation of the Constitution and laws of the United States because his 2009 case should have expired back in August 2013. *See* Pet. 5. The matter was randomly assigned to this Court. Mr. Pannell has paid the $5.00 filing fee. The respondent has not yet appeared in this action.

The Court must screen § 2254 habeas petitions in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, the Court generally analyzes three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

Initially, the Court notes that it has jurisdiction to entertain Mr. Pannell's petition. The Seventh Circuit has held that "a prisoner may challenge a sentence that has already expired if he currently is incarcerated on a term that was imposed consecutively to the expired term." *Miller v. Holder*, 190 F. App'x 487, 488 (7th Cir. 2006) (citing *Garlotte v. Fordice*, 515 U.S. 39, 40 (1995)). Thus, because Mr. Pannell remains in custody on his 2012 case and because that case was imposed consecutively to his 2009 case, he may still challenge his 2009 conviction, even though it appears to have expired in April 2017. *See* Pet. Ex., at 6.

Nevertheless, Mr. Pannell's petition must be dismissed. *First*, Mr. Pannell has not exhausted his state-court remedies as to the single ground raised in his Petition, a statutory prerequisite to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A), (c). Mr. Pannell wrote letters to the records department at the Wisconsin DOC, *see* Pet. Ex., at 1–9, but there is no evidence he challenged the revocation decision or otherwise attacked the computation of his sentence or sought judicial review in the Wisconsin state courts, *see* Pet. 5–7. *Second*, Mr. Pannell's petition appears to be untimely. *See* 28 U.S.C. § 2244(d). His 2009 conviction became final in late 2009, and he continued to serve time on that conviction until April 2017. Yet, based on the documents attached to the Petition, Mr. Pannell didn't write the DOC until January 2019. *Finally*, the DOC's sentencing calculations seem to demonstrate that Mr. Pannell is simply incorrect about when his 2009 case should have expired.

Accordingly, it plainly appears that Mr. Pannell is not entitled to relief in the district court. The Court also finds that Mr. Pannell is not entitled to a certificate of appealability, as he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2254 Cases. This is so because Mr. Pannell has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, this Court cannot "resolve the case finally." *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of the following recommendations: (1) that Mr. Pannell's petition be dismissed; (2) that this action be dismissed; (3) that a certificate of appealability be denied; (4) that the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Terrell Pannell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 1, be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court to enter judgment accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2019.

BY THE COURT:

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge